# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>MARGARITO OLIVERA-NAJERA,<br><br>                  Defendant. | Case No.: 18mj2663-MDD-MMA<br><br>**ORDER AFFIRMING JUDGMENT** |

    Margarito Olivera-Najera appeals the judgment entered following his guilty plea conviction of misdemeanor illegal entry in violation of 8 U.S.C. § 1325. The Court has jurisdiction pursuant to 18 U.S.C. § 3402, and reviews for plain error. *See United States v. Kyle*, 734 F.3d 956, 962 (9th Cir. 2013) (holding that "the plain-error rule applies where, as here, the defendant failed to raise the Rule 11 violation before the trial court."). The Court concludes that the magistrate judge did not commit plain error, and therefore **AFFIRMS** the judgment.

    Olivera-Najera argues that the magistrate judge accepted his guilty plea pursuant to Federal Rule of Criminal Procedure 11(b)(3) in error because there was no factual basis to support a finding that he eluded "examination or inspection by immigration officials," 8 U.S.C. § 1325(a)(2), at a port of entry. There was no error. "[T]he offense described by § 1325[(a)](2) is consummated at the time an alien gains entry through an unlawful

point and does not submit to these examinations." *United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193-94 (9th Cir. 1979). During the plea colloquy, the magistrate judge ascertained that on May 19, 2018, Olivera-Najera was not a United States citizen and intentionally crossed the border from Mexico into the United States approximately twenty miles east of the Tecate Port of Entry. These facts are sufficient to support Olivera-Najera's conviction under Section 1325(a)(2). *See id.* at 1193 (holding that an unlawful entry occurred in violation of Section 1325(a)(2) when the defendant, "a Mexican citizen, illegally entered the United States . . . by traversing the beach between Tijuana and San Ysidro late at night. Because he did not enter at an officially designated border checkpoint, he never presented himself for the medical examination and inspection required of all entering aliens.").

Olivera-Najera further contends that the magistrate judge erred in accepting his plea to unlawful entry because there was no factual basis to support a finding that he eluded examination or inspection while free from "official restraint."[1] Again, there was no error. "To establish a factual basis for the plea, the court may consider all of the evidence before it at the time of judgment." *United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir. 1995); *see also United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir. 1983) (recognizing that Rule 11 prescribes no specific method of establishing the factual basis so long as sufficient evidence on the record supports the conclusion that the

---

[1] The Court notes that another court in this District recently held that "[a] violation of § 1325(a)(2) does not require proof of an entry and does not require proof that Defendant was free from official restraint." *United States v. Baca-Carcamo*, No. 18MJ3223 WQH, 2018 WL 3833424, at *3 (S.D. Cal. Aug. 13, 2018). The Court respectfully disagrees. There is "[n]o doubt, an entry, as defined legally, is required before a person can be guilty of the crime of entry." *United States v. Pacheco-Medina*, 212 F.3d 1162, 1166 (9th Cir. 2000). In this circuit, "entry" is defined as follows: "(1) a crossing into the territorial limits of the United States, i.e., physical presence; (2)(a) inspection and admission by an immigration officer, or (b) actual and intentional evasion of inspection at the nearest inspection point; and (3) *freedom from official restraint*." *Sidhu v. Ashcroft*, 368 F.3d 1160, 1163-64 (9th Cir. 2004) (emphasis added). As such, for purposes of Sections 1325 and 1326, "[t]o 'enter,' an alien must cross the United States border free from official restraint." *United States v. Hernandez-Herrera*, 273 F.3d 1213, 1218 (9th Cir. 2001).

defendant is guilty). According to the probable cause statement in support of the complaint, a border patrol agent apprehended Olivera-Najera after observing "foot prints near a gate known to Border Patrol agents as 'Gate Zero,'" following the foot prints, and encountering Olivera-Najera and three other individuals "attempting to conceal themselves in the brush on the south side of Highway 80." Doc. No. 1 at 2. The record sufficiently established that Olivera-Najera crossed the border from Mexico into the United States free from official restraint. *See United States v. Cruz-Escoto*, 476 F.3d 1081, 1085 (9th Cir. 2007) ("Aliens who climb fences, raft canals, 'or otherwise sneak[] across the border in some illegitimate manner,' are under official restraint only if they are under constant governmental observation 'from the moment [they] set foot in this country until the moment of [their] arrest.'") (quoting *United States v. Castellanos-Garcia*, 270 F.3d 773, 775 (9th Cir. 2001)); *see also Hernandez-Herrera*, 273 F.3d at 1219 (holding that an alien who was being pursued by law enforcement and escaped into thick brush out of sight of law enforcement for a period before his arrest was free from official restraint).

Accordingly, the Court **AFFIRMS** the judgment.

**IT IS SO ORDERED**.

DATE: August 16, 2018

HON. MICHAEL M. ANELLO
United States District Judge